Robert W. WHITE and Verla M. White, Appellants,

v.

Arnold JORGENSON, individually and d/b/a Harris-Jorgenson Construction, Inc., Respondent.

No. 81–629.

Supreme Court of Minnesota.

Aug. 6, 1982.

Ince, Tischleder & Associates and Paul Tatone, Bloomington, for appellants.

Charles T. Agan, Edina, for respondent.

YETKA, Justice.

Appellants contracted for the purchase of a new house in Farmington, Minnesota. When serious construction defects remained unrepaired, the appellants brought suit for damages based on negligence, breach of contract, and breach of statutory warranties against Harris-Jorgenson Construction, Inc., and Arnold Jorgenson, the corporation's sole shareholder and officer. Upon motion, the district court dismissed Arnold Jorgenson, individually, from the lawsuit. The remaining issues were submitted to the jury which awarded appellants $24,900 in damages against Harris-Jorgenson Construction, Inc. Appellants contend that the trial court erred in not piercing the corporate veil to hold Arnold Jorgenson jointly liable for the damages awarded.

In *Victoria Elevator Co. v. Meriden Grain Co.*, 283 N.W.2d 509 (Minn.1979), this court approved the "alter ego" or "instrumentality" theory for imposing liability on an individual shareholder. A two-prong test was adopted to determine when the corporate entity should be disregarded.[1] *Id.* at 512. *See also West Concord Conservation Club v. Chilson*, 306 N.W.2d 893, 897–98 (Minn. 1981).

The first prong of the test focuses on the shareholder's relationship to the corporation. Eight factors we noted as significant in this determination include:

[I]nsufficient capitalization for purposes of corporate undertaking, failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation at time of transaction in question, siphoning of funds by dominant shareholder, nonfunctioning of other officers and directors, absence of corporate records, and existence of corporation as merely facade for individual dealings. *Victoria Elevator Co.*, 283 N.W.2d at 512.

The second prong of the test examines the relationship of the plaintiff to the corporation. It requires the showing of "an element of injustice or fundamental unfairness." *Id.* To satisfy this portion of the test, "proof of strict common law fraud is not required, but, rather, evidence that the corporate entity has been operated as a constructive fraud or in an unjust manner must be presented." *West Concord Conservation Club*, 306 N.W.2d at 898 n. 3.

The trial court concluded that *Victoria Elevator* was not applicable since no fraud or misrepresentation was involved. However, the court was without the benefit of the clarifying language of *West Concord Conservation Club* that proof of strict common law fraud is not required in order to hold a shareholder individually liable.

Accordingly, the case is remanded for further consideration on the sole issue of Arnold Jorgenson's individual liability.

---

1. "Disregard of the corporate entity requires not only that a number of these factors be present, but also that there be an element of injustice or fundamental unfairness." *Victoria Elevator Co.*, 283 N.W.2d at 512.