LOVING SAVIOUR CHURCH, an unincorporated religious association, Appellant,

v.

UNITED STATES of America, Robert F. Cunningham, Robert F. Turner, George E. and 7 Unknown Persons, Appellees.

No. 83–1612.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1983.

Decided Feb. 29, 1984.

Rehearing and Rehearing En Banc Denied March 27, 1984.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gary R. Allen, Stanley S. Shaw, Jr., Tax Div., Dept. of Justice, Washington, D.C., for appellees; Philip N. Ho-

gen, U.S. Atty., Sioux Falls, S.D., of counsel.

Gary H. Hemminger, Hemminger & Frederiksen, Englewood, Colo., for appellant.

Before HEANEY, ROSS and FAGG, Circuit Judges.

PER CURIAM.

The Internal Revenue Service levied upon and seized a building in Huron, South Dakota; a 40-acre tract of farmland; three motor vehicles and two bank accounts in connection with the federal income tax liability of Dr. Albert A. Anderson and Myrtle G. Anderson. Title to all the property was held by the plaintiff, Loving Saviour Church, an unincorporated association. The bank accounts were in the name of Loving Saviour Church and the Anderson Business Trust. This action for a preliminary injunction to secure the release of the property and for damages resulting from the levy was brought under 26 U.S.C. § 7426. Loving Saviour Church appeals from an adverse decision in the district court[1] which held that the IRS properly levied upon the property to satisfy the Andersons' tax liabilities.

*Background*

In 1975 the Andersons purchased some trust forms from a person involved in the tax protest movement, set up the A & M Family Trust, and transferred all their property to the trust. In 1976, a new A & M Family Trust and an Anderson Business Trust were set up to replace the 1975 trust. In 1977 the Andersons received Doctor of Divinity degrees from the Life Science Church and set up their own church which later became the Loving Saviour Church.

After taking a vow of poverty, Dr. Anderson transferred all the property from the A & M Family Trust and the Anderson Business Trust to the church for no consid-

---

1. The Honorable John B. Jones, United States District Court, District of South Dakota, Southern Division.

eration. Dr. Anderson was named pastor and trustee of the new church. The other trustees were his wife, Myrtle Anderson; his daughter, Alice Olsen; and his sister-in-law, Verda F. Rhoads.

Dr. Anderson and his wife continued to occupy the property as a residence and a chiropractic clinic. They used the two expensive automobiles that were titled in the name of the church, which cars were insured in Dr. Anderson's name. Dr. Anderson testified that he receives no benefit from his earnings as a chiropractor and that he lives on money given him by Loving Saviour Church.

The Andersons began having difficulties with the IRS soon after conveying their real estate to the trusts in 1975 and 1976. First, they were served a notice of deficiency for their 1976 and 1977 returns in the amount of $25,304 and $20,565, respectively. Although the Andersons petitioned to the United States Tax Court, that court dismissed their case by order of November 16, 1981, for failure to properly prosecute. The assessments were made upon these deficiencies on June 24, 1982. Next, in September 1982, the Andersons were assessed $52,886 for 1978 taxes; $57,469 for 1979 taxes; and $62,807 for 1980 taxes. The tax liens arose on the dates of assessment.

The issue decided by the district court in *Loving Saviour Church v. United States,* 556 F.Supp. 688 (D.S.D.1983) was to what extent the Andersons had property or rights to property to which the tax lien could attach. *St. Louis Union Trust Co. v. United States,* 617 F.2d 1293, 1300–01 (8th Cir.1980). Properly applying South Dakota law to the property question, *Aquilino v. United States,* 363 U.S. 509, 512–13, 80 S.Ct. 1277, 1279–80, 4 L.Ed.2d 1365 (1960), the district court used two distinct lines of analyses.

First, the district court considered whether the taxpayers had fraudulently conveyed the property to avoid the federal tax lien. Relying on *Carr Enterprises, Inc. v. United States,* 539 F.Supp. 528 (D.S.D.1982) the district court found that the property levied upon was in the possession of and under the control of the Andersons, and that they clearly controlled the Loving Saviour Church. Therefore, the court held that the property transfers to the church were a sham, constituted a fraudulent conveyance, and may be levied on to satisfy the Andersons' tax liability.

Second, the district court found that the Loving Saviour Church was the alter ego of the Andersons. In so finding the court considered the following factors: 1) the Andersons treated church assets as their own in that their residence, business and farm-land comprised the church property; 2) Dr. Anderson carried insurance on church assets in his own name; 3) there were few internal controls in the church—Dr. Anderson was the minister and a trustee along with his wife, daughter, and sister-in-law; 4) church funds were used to pay personal expenses; 5) there was a close family relationship between the church officers and the taxpayer/founder; 6) the Andersons transferred property to the church for little or no consideration; 7) a car which was in the church's name bore the personalized license "Myrtle"; and 8) the Andersons are fully supported by the funds and property of the Loving Saviour Church in whatever style they themselves choose.

We agree with the district court on both the fraudulent conveyance and alter ego theories and affirm its holding that the property held in the name of Loving Saviour Church and the Anderson Business Trust may be levied on to satisfy the Andersons' tax liabilities.