**F.P.P. ENTERPRISES and D & S Trust, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 86–2309.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1987.

Decided Sept. 29, 1987.

---

Arthur P. Tranakos, Atlanta, Ga., for appellants.

Laura Conley of the Dept. of Justice, Washington, D.C., for appellee.

Before McMILLIAN, Circuit Judge, FAIRCHILD,[*] Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

F.P.P. Enterprises and the D & S Trust appeal from a judgment of the district court [1] denying their request that the United States be enjoined from levying on certain property conveyed by Donald O. and Sally A. Beason to F.P.P. and D & S Trust to satisfy the Beason's tax liability. The district court concluded that the trusts failed as both family and business trusts; that the transfers by Donald Beason to the trusts were fraudulent conveyances; and that the trusts were shams and alter egos for the Beasons and accordingly had no standing to sue under 26 U.S.C. § 7426(a) [2]

---

[*] The HONORABLE THOMAS E. FAIRCHILD, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

1. The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

2. Section 7426(a) provides in part that if a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.

(1954), 646 F.Supp. 713. On appeal F.P.P. and D & S argue that the trusts were valid and the court erred in holding that the transfers to the trust were fraudulent. We have no difficulty in affirming the judgment of the district court.

FPP Enterprises and D & S Trust, allegedly organized as trusts under the laws of the State of Wyoming, were created by instruments executed on December 21, 1978. According to the instruments, the trusts were formed by the exchange of ten dollars and trust certificates for real and/or personal property to be held in the trust organization's name. The trust instruments state that "[t]he true trust organization shall be operated for distribution purposes only, and not for profit * * *." The instruments further provide that "[f]or convenience the trust certificates used for distribution shall be divided into One Hundred Units. They shall be non-assessable, non-taxable, non-negotiable and shall not constitute a security of any kind, and the lawful possessor thereof shall be construed as the lawful owner thereof." Minutes attached to both trust instruments identified the creator as Ron Soester and the exchangers and trustees as Lowell G. and Carolyn Anderson. The documents were not signed by the Beasons.

Donald O. and Sally A. Beason acquired the four pieces of property at issue in this case, all of which are located in Grand Island, Nebraska. The properties basically make up the Beasons' entire estate, including their residence, rental property, and an office building out of which Mr. Beason operates his insurance and financial planning business. These properties were conveyed by quit-claim deeds to the purported trusts on April 9 and 23, 1979. The only consideration for each transfer was "$10 and other good and valuable consideration." Certificates representing shares in each of the trusts, dated January 5, 1979, were issued to Donald O. and Sally Beason. The original certificate was marked void for reissuance. Another certificate representing 100 units in F.P.P. was issued Sep-

tember 11, 1979 in the name of the Beasons' children.

Neither trust has ever been registered or recorded either in the State of Nebraska or in the State of Wyoming. The Beasons paid no real estate transfer taxes as required by law in the State of Nebraska. When registering the quit-claim deeds, they identified the transfers as exempt "family business reorganizations." It is undisputed that there is no familial relationship between the Beasons and either the Andersons or Ron Soester.

Mr. Beason testified that the transfers were made at a time when he anticipated either a divorce or extensive medical bills for an illness of his wife. His express intent in effecting the tranfers was to shelter his assets from potential creditors and from his wife in the event of a divorce settlement.

The Beasons have treated the properties in exactly the same manner after the dates of the alleged transfers as they did before that time. They have continued to live in the residence, receive income from the rental property, and pay the insurance, taxes and mortgage payments due on the properties.

Taxes and interest paid on the various properties have been deducted on the Beasons' personal tax returns for the years 1979 through 1982 and up to the present time.[3] Schedules attached to each of the returns reflect that the rent from rental property is considered income to the Beasons. They took a depreciation deduction each year and in some years, took a deduction for taxes and interest.

Mr. Beason also testified that the properties were transferred subject to the mortgages. He testified that he made an arrangement with the trustees, the Andersons, to lease these properties back. The lease payments would be the mortgage payments, taxes and insurance on the properties, and he would keep the rental income. However, it is undisputed that the

---

**3.** Because of marital difficulties, Sally had refused to sign the joint income tax returns com-

mencing in the late 1970's.

trusts never filed any federal or state tax returns reflecting realization of income in the form of mortgage and tax payments as rent from the Beasons. Schedule C of the personal tax returns of Mr. and Mrs. Beason show no deductions for rent paid by the business.

The district court concluded the trusts had no standing to sue under 26 U.S.C. § 7426. The court determined: (1) that the trusts were invalid, lacking essential elements of a trust; (2) that however characterized the trusts were shells acting as alter egos for the Beasons; and (3) that the transfers to the trust were made with the expressed intent to shelter assets and were therefore fraudulent conveyances and shams. These findings are factual determinations subject to the clearly erroneous standard of review. *See Anderson v. Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (defining clearly erroneous standard as set forth in Fed.R.Civ.P. 52(a)).

On appeal F.P.P. and D & S argue that they are actually business trusts. They argue that a business trust is distinct from other trusts in that it is created by the voluntary act of the parties. They contend that the intent to create a trust permeates the documents executed by Soester as creator, the Andersons as trustees, and the Beasons and Andersons as exchangers. They point to the conveyances in April, 1979 of the properties to the trusts.

■ As the district court correctly determined, F.P.P. and D & S exhibit none of the usual characteristics of a trust. They fail as business trusts because they do not authorize the carrying on of a business for profit, the beneficial interests are not freely transferable, and the trustees do not exercise control over the property. *See Carey v. U.S. Industries, Inc.,* 414 F.Supp. 794, 795 (N.D.Ill.1976). The trusts also lack the essential elements necessary to create any other type of trust. *See Jaiser v. Milligan,* 120 F.Supp. 599, 612 (D.Neb.

1954). They fail to identify beneficiaries or provide a method for determining who the beneficiaries were intended to be. The trust instruments were not signed by the Beasons, and the Andersons as trustees did not exercise the ultimate power of control over the trust property. *Id.*

■ The government argues that even if F.P.P. and D & S are characterized as trusts, they may not maintain this action under 26 U.S.C. § 7426 for wrongful levy because they are not a third person separate from the actual taxpayer. *Loving Saviour Church v. United States,* 728 F.2d 1085 (8th Cir.1984). We agree the district court correctly determined that the trusts lacked standing to bring this action for two reasons.

■ First, the district court concluded that the trusts were shams and fraudulent conveyances. A transaction will not be given effect according to its form if that form does not coincide with the economic reality and is, in effect, a sham. *Gregory v. Helvering* 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596 (1935); *Knetsch v. United States,* 364 U.S. 361, 81 S.Ct. 132, 5 L.Ed.2d 128 (1960); *Thompson v. Commissioner,* 631 F.2d 642 (9th Cir.1980), *cert. denied,* 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981). The trusts here are without economic substance. Soester as "creator" and the Andersons as "trustees" established "paper trust" entities on December 21, 1978. Soester never held or contributed any of the real property placed in the trusts. Instead, the property was conveyed by the Beasons to the trusts approximately four months later. The Beasons continued to treat the property in exactly the same manner after the transfers as they did before that time, quite simply, as their own. The trust property may therefore be levied on to satisfy the Beason's tax liability. These facts also indicate the transfers to the trusts were fraudulent under Nebraska Revised Statutes §§ 36–606 and 607.[4] Indeed, Mr. Beason testified that the transfer was made

---

4. Neb.Rev.Stat. §§ 36–606 and 607 provide:
  36–606. Conveyances by a person about to incur debts; fraudulent, when. Every conveyance made and every obligation incurred

without fair consideration when the person making the conveyance or entering the obligation intends or believes that he will incur debts beyond his or her ability to pay as they

with the expressed intent to shelter assets from liability for potential hospital bills and from Mrs. Beason in the event of a divorce. Moreover, the conveyances exhibit the generally recognized "badges of fraud." *See Gifford-Hill Co. v. Stoller*, 221 Neb. 757, 380 N.W.2d 625 (1986). We are satisfied that the district court did not err in concluding the trusts were shams and fraudulent conveyances. F.P.P. and D & S are not separate persons apart from the Beasons and therefore lack standing to sue under 26 U.S.C. § 7426(a).

Second, the district court held that the trusts were the alter egos of the Beasons, and therefore not separate persons apart from the Beasons. Property held in the name of an entity which is the alter ego of a taxpayer may be levied on to satisfy the tax liabilities of the taxpayer. *See Loving Saviour Church v. United States*, 728 F.2d 1085 (8th Cir.1984).

As the district court aptly determined, the situation in *Loving Saviour Church, supra*, is similar to the instant case. In *Loving Saviour Church*, the taxpayers, to avoid tax liability, transferred property to family trusts and then to a church the taxpayers had set up. The taxpayers transferred the property to the church for no consideration. They continued to treat the church property as their own and carry insurance on the church assets in their name. This court affirmed the district court's finding that the church was the alter ego of the taxpayers and held that the property in the name of the church could be levied on to satisfy the taxpayers' tax liability. The Beasons likewise treated the trust assets as their own. They continued to live in the residence and use the office space; they paid no rent for such use. They made mortgage and insurance payments and collected income from rental property. On this record, the district court's finding that the trusts are shells acting as alter egos for the Beasons and therefore not separate persons from the taxpayers will not be disturbed.

As a final issue, F.P.P. and D & S attack the award of attorney's fees and costs assessed against their attorney. After argument of this case and interrogation by the court, Tranakos filed an application to file an amended notice of appeal naming him personally as an additional party plaintiff. The judgment assessing attorney fees was entered October 2, 1986. The notice of appeal naming Tranakos as appellant was filed June 10, 1987. We are satisfied there is no timely notice of appeal giving this court jurisdiction to consider the argument concerning the attorney's fee assessed against Tranakos. *Culinary and Service Employees Union v. Hawaii Employee Benefit Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir.1982); *see also McGoldrick Oil Co. v. Campbell, Athey & Zukowski*, 793 F.2d 649, 652 (5th Cir.1986). We are also satisfied that if we possess jurisdiction, there has been no showing of abuse of discretion and that the award entered by the district court was proper in every way. *See Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1174–80 (D.C.Cir.1985). The judgment is affirmed.

---

mature, is fraudulent as to both present and future creditors.

36–607. Conveyances made with intent to defraud. Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.