**BBCA, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. Civ. 3–89–319.**

United States District Court, D. Minnesota, Third Division.

Oct. 16, 1989.

John R. Koch, St. Cloud, Minn., for plaintiff.

Noreene C. Stehlik, Dept. of Justice, Washington, D.C., for defendant.

## BACKGROUND

DEVITT, District Judge.

Plaintiff brought this suit pursuant to 28 U.S.C. Section 2410(a) seeking to quiet title to certain parcels of real estate to which the United States claims federal tax liens attach. Notices of federal tax liens were filed against property titled in the name of plaintiff as the alter ego of James Noske and his sister Joan Noske, against whom

the underlying tax assessments were made. The assessments remain unsatisfied.

Plaintiff now moves for summary judgment on a number of grounds. A hearing on this motion was held on October 16, 1989.

## DISCUSSION

### A. *Plaintiff May Not Challenge the Validity of the Underlying Assessments*

■ First, plaintiff claims that the underlying Section 6700 assessments against the Noskes are invalid and that the liens against plaintiff are thus invalid. This argument is without merit because in a quiet title action under Section 2410(a), a plaintiff may not challenge the underlying tax liability or assessment; only the procedural regularity of the lien may be challenged. *See Pollack v. United States,* 819 F.2d 144, 145 (6th Cir.1987), and cases cited therein.

### B. *The Alter Ego Theory Has Been Put in Issue*

Second, plaintiff argues that defendant has not properly pleaded and put in issue its theory of the case: that plaintiff is the alter ego of James and Joan Noske. This argument is without merit as the answer clearly puts the alter ego theory in issue. *See* answer pp. 4–5.

### C. *The Alter Ego Theory May Be Used to Reach Assets of a Corporation in Satisfaction of Debts of an Individual*

■ Third, plaintiff claims that under an alter ego theory, Minnesota law only allows a creditor of a corporation to hold shareholders liable for corporate obligations, not vice versa. Plaintiff argues Minnesota law does not allow a creditor of an individual to reach the corporation's assets. The basis for plaintiff's argument is that no Minnesota case has been found which has employed the alter ego in this direction.

State law determines what interest the taxpayers have in the property here. *Aquilino v. United States,* 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960). Al-though there may be no Minnesota case law on point, plaintiff has provided no valid reason why the Minnesota alter ego theory should not be expanded to cover the presently alleged situation. Nor have Minnesota courts indicated any disposition not to do this. Numerous other courts have held that the alter ego theory may be utilized to apply the assets of a corporate entity to satisfy an individual's liability. *See, e.g., Loving Saviour Church v. United States,* 728 F.2d 1085 (8th Cir.1984) (applying South Dakota law); *Valley Finance, Inc. v. United States,* 629 F.2d 162 (D.C.Cir. 1980), *cert. denied sub nom. Pacific Development, Inc. v. United States,* 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981); *G.M. Leasing Corp. v. United States,* 514 F.2d 935 (10th Cir.1975), *rev'd in part on other grounds,* 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977); *United States v. Cohn,* 682 F.Supp. 209 (S.D.N.Y.1988) (applying New York law); *Terrapin Leasing, Ltd. v. United States,* 43 AFTR 2d 79–313 (W.D.Ok.1978). *See also Church of Hakeem, Inc. v. United States,* 99–2 T.C. 9651 (N.D.Cal.1979) (upholding IRS levy on church property to satisfy individual taxpayer's tax deficiencies, on grounds taxpayer exercised all rights of ownership over church property); *All On Faith in One Good State Universal Life Church, Inc. v. United States,* 76–1 T.C. 9409 (S.D. Cal.1976) (upholding IRS levy on church property to satisfy individual taxpayer's tax deficiencies, on ground taxpayer retained control over assets allegedly transferred to church).

Under Minnesota law, a two-prong test is applied to determine whether a corporation can be found to be a shareholder's alter ego. *Victoria Elevator Co. v. Meriden Grain Co.,* 283 N.W.2d 509 (Minn.1979).

The first prong of the test focuses on the shareholder's relationship to the corporation. Eight factors … significant in this determination include:

> [I]nsufficient capitalization for purposes of corporate undertaking, failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation at time of transac-

tion in question, siphoning of funds by dominant shareholder, nonfunctioning of other officers and directors, absence of corporate records, and existence of corporation as merely facade for individual dealings.

The second prong of the test examines the relationship of the plaintiff to the corporation. It requires the showing of "an element of injustice or fundamental unfairness." To satisfy this portion of the test, "proof of strict common law fraud is not required, but, rather, evidence that the corporate entity has been operated as a constructive fraud or in an unjust manner must be presented."

*White v. Jorgenson*, 322 N.W.2d 607, 608 (Minn.1982) (citations omitted).

The court finds that under Minnesota law the alter ego theory may be used to reach BBCA's assets upon a sufficient factual showing.

D. *Defendant Has Created a Genuine Issue of Fact Regarding the Second Prong of the Alter Ego Test*

Plaintiff lastly claims that defendant cannot establish the second prong of the alter ego test—unfairness or prejudice. The material submitted by defendant is sufficient to create a genuine issue as to whether the Noskes used BBCA in an attempt to evade collection of tax liabilities by concealing their assets while enjoying the use and benefit of those assets. If such a scheme was employed, it was obviously unfair, unjust and prejudiced the government in collecting the taxes assessed against the Noskes.

CONCLUSION

IT IS ORDERED THAT:

1. Plaintiff's motion for summary judgment is DENIED; and

2. Plaintiff's claim under 26 U.S.C. § 7432 is DISMISSED pursuant to agreement of the parties. *See* letter dated September 6, 1989.