966 F.2d 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM L. COMER FAMILY EQUITY PURE TRUST, Myra L. Comer,
Trustee; American Way Trust, Myra L. Comer, Trustee;
Financial Freedom Consultants, William L. Comer, Trustee;
OSA Development Company, with OSA Explorations as General
Partner, William L. Comer, Trustee; Burica Development
Company, with Burica Explorations as General Partner,
William Comer, Trustee, Plaintiffs-Appellants,
v.
INTERNAL REVENUE SERVICE; United States of America,
Defendants-Appellees.
 No. 90-1406.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1992.
 
 Before BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiffs in this case, three trusts and two limited partnerships, appeal the district court's judgment for the defendants in their wrongful levy action brought pursuant to 26 U.S.C. § 7426(a)(1). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, attorneys for both sides have waived oral argument in their appellate briefs.
 
 
 2
 The plaintiff trusts ("Comer Trust", "American Trust", and "Financial Trust") are irrevocable living trusts established under the laws of Michigan by William L. Comer as grantor. William L. Comer, his wife, Myra L. Comer, and sons William R. and Scott C. Comer each acts as trustee for one or more of the trusts. Each trust holds property under its own name and has filed separate fiduciary tax returns for both Michigan and federal taxes. The plaintiff limited partnerships ("OSA" and "Burica") were each established with an irrevocable business trust as general partner; William L. Comer is trustee of each business trust. Each partnership has filed separate state and federal tax returns.
 
 
 3
 On or about February 12, 1987, the IRS served William and Myra Comer with a notice of seizure pertaining to real property held by the Comer Trust. That same day, the IRS served a notice of levy upon the Farwell State Savings Bank, levying upon all the assets held with the bank by the Comer Trust, American Trust, Financial Trust, OSA, and Burica. These levies and/or seizures were brought in attempted satisfaction of over $250,000 in income tax deficiencies assessed against William and Myra Comer for the tax years ending 1976 through 1980, and 1985.
 
 
 4
 The plaintiffs thereupon brought this action seeking an injunction against the disposition or sale of the property subject to seizure, a court order returning the property to the plaintiffs, and a judgment for the amount of any property sold. Following a one-day bench trial, the district court found that the plaintiffs are alter egos of William and Myra Comer, that under Michigan law they cannot assert ownership of the levied-upon property, and that they thus lack standing to challenge the levies. The district court accordingly entered judgment for the defendants on February 16, 1990.
 
 
 5
 On appeal, the plaintiffs raise six alleged errors: (1) the district court erred by allowing the IRS to raise new issues at trial; (2) the district court's decision was not supported by the evidence, was contrary to law, and improperly placed the burden of proof on the plaintiffs; (3) the district court erred in its rulings on service of notice to the plaintiffs, statute of limitations, and the effect of a stipulation agreement covering the 1981 tax year; (4) the district court erred by failing to examine each entity independently of the others; (5) the district court erred in finding the taxpayers were engaged in fraudulent conveyances; and (6) the plaintiffs received ineffective assistance of counsel.
 
 
 6
 Upon review, we affirm the district court's judgment because its decision was supported by the evidence and the other issues on appeal are without merit.
 
 
 7
 The plaintiffs' first issue on appeal is meritless because there was no new issue raised after trial which was not contemplated by the recognized issue of whether the plaintiffs are the alter egos of William and Myra Comer. The alter ego issue was clearly set out in the joint pretrial order submitted by the parties.
 
 
 8
 The plaintiffs also argue that the district court erred in its rulings regarding service of notice, statute of limitations, and the effect of the stipulation agreement. As the nominal owners of the property levied upon, the plaintiffs were entitled to notice of seizures of the property. See 26 U.S.C. § 6335(a); Valley Finance, Inc. v. United States, 629 F.2d 162, 170 (D.C.Cir.1980), cert. denied, 451 U.S. 1018 (1981). However, the district court correctly found that each of the plaintiffs received constructive notice through the notice served upon Myra Comer at the address which the Comers shared with each of the plaintiffs. Moreover, the finding that the plaintiffs are merely alter egos of the Comers supports the conclusion that service of the notice upon the Comers was service upon the plaintiffs.
 
 
 9
 The one-year statute of limitations argued by the plaintiffs is inapplicable to this case. That statute applies only to transfers of property to a third party and certain fiduciaries. See 26 U.S.C. § 6901(c). The government's evidence established that the plaintiffs are not transferees or genuine fiduciaries, but are alter egos. Under the six-year limitations period provided by the applicable section, 26 U.S.C. § 6502, the levies were timely served.
 
 
 10
 The district court also properly held that, because there was no judgment on the merits, the stipulation agreement pertaining to another tax year does not have preclusive effect on this action. See In re Long Distance Telecomm. Lit., 831 F.2d 627, 635 (6th Cir.1987).
 
 
 11
 Contrary to the plaintiffs' assertion, the district court's decision shows that the court did examine each entity independently of the others.
 
 
 12
 The district court's finding that the taxpayers engaged in fraudulent conveyances is not clearly erroneous. See Thompson v. Commissioner, 631 F.2d 642, 646 (9th Cir.1980), cert. denied, 452 U.S. 961 (1981). The record supports the district court's finding that these conveyances contain "badges of fraud" under both state and federal tax law.
 
 
 13
 In order to prove that a tax levy was wrongful, the person or entity challenging the levy must initially show some interest in the property in order to establish standing. Once this initial showing is made, the IRS must prove by substantial evidence a nexus between the funds and the taxpayer. If the IRS meets this burden, then the entity challenging the levy has the ultimate burden of proving the levy was wrongful. See Century Hotels v. United States, 952 F.2d 107, 109 (5th Cir.1992).
 
 
 14
 If the plaintiffs are the alter egos of Comer and his wife, the IRS may properly regard the plaintiffs' property as the Comers' assets subject to levy in satisfaction of their tax liabilities. See G.M. Leasing Corp. v. United States, 429 U.S. 338, 351 (1977); F.P.P. Enterprises v. United States, 830 F.2d 114, 118 (8th Cir.1987). Whether an entity is the alter ego of a taxpayer is a question of fact subject to the clearly erroneous standard. See Century Hotels, 952 F.2d at 112. Upon review of the record, we conclude that neither the district court's finding of alter ego status nor its conclusion that the plaintiffs lack standing to enjoin the United States from levying the disputed property is clearly erroneous or contrary to law.
 
 
 15
 The plaintiffs' final issue, claiming ineffective assistance of counsel, is totally frivolous. It is well settled that there is no constitutional or statutory right to effective assistance of counsel in a civil case. See, e.g., Friedman v. Arizona, 912 F.2d 328, 333 (9th Cir.1990), cert. denied, 111 S.Ct. 996 (1991); Glick v. Henderson, 855 F.2d 536, 541 (8th Cir.1988); MacCuish v. United States, 844 F.2d 733, 735 (10th Cir.1988).
 
 
 16
 Accordingly, the district court's judgment, entered February 16, 1990, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.