994 F.2d 843
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Daniel D. HINSON, O.D., as trustee for Paul W. Thielking,
O.D., P.C., Employee Stock Ownership Trust; Thielking Inc.,
formerly known as Paul W. Thielking; Thielking Leasing,
Inc.; Thielking Credit, Corporation; P. W. Thielking,
O.D., P.C., Appellants,
v.
UNITED STATES of America, Appellee.
 No. 92-2143SI.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 18, 1993.
Filed: May 25, 1993.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 To satisfy the personal federal income tax liability of Dr. Paul Thielking and his wife, Leila, the United States seized property of Thielking, Inc. (the corporation), formerly known as Paul W. Thielking, O.D., P.C., and the Paul W. Thielking, O.D., P.C., Employee Stock Ownership Trust (the trust). See 26 U.S.C. § 6331 (1988) (allowing collection of delinquent tax by levy on property "belonging to" taxpayer). The corporation, trustee, and other Thielking entities later brought this wrongful levy action against the United States seeking the return of the property and an injunction preventing further property seizures. See id. § 7426. The district court granted the Government summary judgment against the corporation and trustee based on an earlier Iowa state court decision, which imposed a constructive trust on corporate and trust assets because the Thielkings fraudulently conveyed property to the corporation and trust. The district court concluded the state court decision precluded the Thielkings from relitigating the issue that creditors may trace income from Dr. Thielking's professional services to the corporate and trust assets. As for the other Thielking entities, the district court granted the Government summary judgment against Thielking Leasing, Inc. and Thielking Credit Corporation because they no longer existed and neither owned nor held any seized property, but denied summary judgment against P.W. Thielking, O.D., P.C. On appeal, the corporation and trustee assert the district court improperly applied issue preclusion. The Government opposes this argument and also asserts that, as a matter of law, the corporation and trust are the Thielkings' alter egos. Although the district court did not decide the issue, we agree with the Government's alter ego theory, and thus, affirm the district court on this alternative ground.
 
 
 2
 It is well-established that the Government may collect a taxpayer's tax debts from the assets of the taxpayer's alter ego. G.M. Leasing Corp. v. United States, 429 U.S. 338, 350-51 (1977); F.P.P. Enters. v. United States, 830 F.2d 114, 118 (8th Cir. 1987). To decide whether a separate legal entity is a taxpayer's alter ego, courts consider the totality of the circumstances, focusing on factors like the family relationship between the entity's officers and the taxpayer, the commingling of entity and personal funds and expenses, use of the entity's assets for personal purposes, transfer of valuable assets from the taxpayer to the entity for little or no consideration, and use of the entity for fraudulent purposes. See Horton Dairy, Inc. v. United States, 986 F.2d 286, 289-90 (8th Cir. 1993); Loving Saviour Church v. United States, 728 F.2d 1085, 1086 (8th Cir. 1984) (per curiam); Valley Fin., Inc. v. United States, 629 F.2d 162, 172-73 (D.C. Cir. 1980), cert. denied, 451 U.S. 1018 (1981); Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Mgmt., Inc., 519 F.2d 634, 638-39 n.4 (8th Cir. 1975) (noting that under Iowa law, corporate form will be ignored when used as an instrument of fraud).
 
 
 3
 Here, it is undisputed that Dr. Thielking, the taxpayer, is the corporation's sole officer and the trust's sole participant. The corporation has only two shareholders: Dr. Thielking and the trust. Dr. Thielking exercises complete control over the corporation and the assignment of profits from his professional activities to the corporation and trust. The trust's trustee functions only in a nominal role and does not independently administer the trust. Further, the Thielkings consistently used corporate checking accounts for personal expenses, utilities, and vacations. The Thielkings also transferred their residence and a car to the corporation during litigation, and continued to use these and other entity assets until the IRS levied on them. As the district court noted, Dr. Thielking consistently concealed his assets behind the "paper" of the corporation and trust for the purpose of frustrating creditors. In short, Dr. Thielking abused the corporate form by using the corporation as an "incorporated pocketbook." Under the circumstances, the protection normally offered by the distinct legal status of the corporation and trust would unfairly cloak the Thielkings and prevent satisfaction of their unpaid tax liabilities.
 
 
 4
 On the basis of the entire record, we conclude the corporation and trust are the Thielkings' alter egos as a matter of law. Indeed, we have already held in a related case that the corporation is Dr. Thielking's alter ego. Martin v. Feilen, 965 F.2d 660, 663 n.2 (8th Cir. 1992), cert. denied, 113 S. Ct. 979 (1993). Accordingly, we affirm.