IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41237
Summary Calendar
_____


STRETCH-O-RAMA, INC.,

                                        Plaintiff,

                v.

HERBERT C. HART, ET AL.,

                                        Defendants,

B.M. TRUST,

                                        Defendant-Appellant,

                v.

INTERNAL REVENUE SERVICE,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(4:97-CV-394)
_____
September 7, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant B.M. Trust ("B.M.") appeals from the district court's finding that defendants

Herbert C. and Carolyn A. Hart ("the Harts") are liable for federal income tax in the amount of

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

$164,849.10 for tax years 1994 and 1995. B.M. essentially asserts that the federal income tax is merely an excise tax on federal employment. For this reason, B.M. maintains that the Harts, neither of whom work for the federal government, owe no federal income tax. B.M. makes no claim on its own behalf to the funds Stretch-O-Rama interpled and on which the IRS sought to foreclose its tax liens.

B.M.'s argument must fail for two reasons. First and foremost, its conviction that Congress lacks the power to impose a non-apportioned, direct tax on income from whatever source is patently incorrect. The law in this Circuit could not be more pellucid on this point, and the cases from other circuits are legion. See Davis v. United States Gov't, 742 F.2d 171, 172 (5th Cir. 1984) (describing as "clearly frivolous" and "hav[ing] been rejected by us time and time again" the contention that "the income tax is an excise tax applicable only against special privileges and not assessable against income in general."); Parker v. Commissioner of Internal Revenue, 724 F.2d 469, 471-72 (5th Cir. 1984) ("At this late date, it seems incredible that we would again be required to hold that the Constitution, as amended, empowers the Congress to levy an income tax against any source of income, without the need to apportion . . . or to classify it as an excise tax[.]"); Lonsdale v. Commissioner of Internal Revenue, 661 F.2d 71, 72 (5th Cir. 1981) ("The Constitution grants congress power to tax 'incomes, from whatever source derived . . . '" (quoting U.S. Const., amend. XVI)); see also In re Becraft, 885 F.2d 547, 548 (9th Cir. 1989) ("We hardly need comment on the patent absurdity and frivolity of [the argument that the Sixteenth Amendment does not authorize a direct non-apportioned income tax]."); Ficalora v. Commissioner of Internal Revenue, 751 F.2d 85, 87 (2d Cir. 1984) (same). For this reason, B.M.'s constitutional argument is frivolous and wholly without merit.

Second, even were this not the case, B.M. lacks standing to challenge the Hart's tax liability.  See 26 U.S.C. § 7426 (delineating who may bring civil actions aside from taxpayers); Moyer v. Mathas, 458 F.2d 431, 434 (5th Cir. 1972) (commenting upon "the general inability of a non-taxpayer to attack the merits of tax assessments made against a taxpayer[.]"); see also F.P.P. Enterprises v. United States, 830 F.2d 114, 117-118 (8th Cir. 1987) (holding that a trust found by the district court to be a sham and a fraudulent conveyance, as was B.M., lacks standing to challenge the taxpayer's tax liability).

Because of the blatantly frivolous nature of B.M.'s appeal, the IRS has requested sanctions in the amount of $ 4,000.00 pursuant to 28 U.S.C. § 1912 and Federal Rule of Appellate Procedure 38.  As we find that the law suit below, and particularly this appeal, fly in the face of established precedent, are utterly devoid of merit, and were calculated merely to hinder the collection of taxes, we hereby grant the IRS's motion for sanctions and hold B.M. and its attorney, Eduardo M. Rivera, jointly and severally liable for sanctions in amount of $ 4,000.00.

AFFIRMED.