**UNITED STATES of America, Plaintiff**

v.

**Fred NEAL, Jr., individually and as Trustee of the Fred Neal, Jr. Revocable Trust; Doris Neal, individually and as Trustee of the Doris Neal Revocable Trust; John H. Sinclair, as trustee of deep water designs; and Munck Carter, P.C., Defendants.**

Civ. No. 07–03061.

United States District Court,
W.D. Arkansas,
Harrison Division.

Dec. 30, 2008.

Stephanie McClure Page, U.S. Department of Justice, Washington, DC, for Plaintiff.

Fred Neal, Jr., Harrison, AR, pro se.

Doris Neal, Harrison, AR, pro se.

John H. Sinclair, Harrison, AR, pro se.

James Robert Arnett, II, Munck Carter P.C., Dallas, TX, William W. Miller, Jr., Greer, Mccasland & Miller, L.L.P., Texarkana, TX, for Defendants.

## MEMORANDUM OPINION AND ORDER

ROBERT T. DAWSON, District Judge.

Currently before the Court is the Motion for Summary Judgment filed by the United States on December 9, 2008. (Doc. 34). The United States asks the Court (1) to reduce to judgment the unpaid tax assessments made by the United States against Fred Neal, Jr. and Doris Neal; (2) to determine that federal tax liens against Fred and Doris Neal attach to certain real property located in Boone County, Arkansas; (3) to determine that any transfers of the subject property were fraudulent in nature under Arkansas law or, in the alternative, that said transfers were merely to a nominee or alter ego of Fred and Doris Neal; and (4) to order foreclosure of federal tax liens against the property. Neither Fred nor Doris Neal responded to the United States's Motion. For the reasons recited herein, the United States's Motion is **GRANTED.**

On November 14, 2008, Defendant Munck Carter ("MC") filed a crossclaim against Fred Neal, individually and as Trustee of the Fred Neal, Jr. Revocable Trust; Doris Neal, individually and as Trustee of the Doris Neal Revocable Trust; and John H. Sinclair as Trustee of Deep Water Designs. (Doc. 31). The Cross–Defendants failed to answer this crossclaim. Currently before the Court is MC's Request for Clerk to Enter Default against Cross–Defendants on Cross–Claim (Doc. 43) and its Motion for Default Judgment against Cross–Defendants on Cross–Claim. (Doc. 44). MC seeks foreclosure of its judgment lien against the real property of Fred and Doris Neal in Boone County, Arkansas. MC concedes that its claim is subordinate to the federal tax liens of the United

States. For the reasons recited herein, MC's Motion is **GRANTED.**

## I. Standard

### A. Summary Judgment

In determining whether summary judgment is appropriate, the facts and inferences from the facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Nat'l. Bank of Commerce of El Dorado, Arkansas v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. Fed R. Civ. P. 56(e).

### B. Default Judgment

Under Federal Rule of Civil Procedure 12(a)(1)(B), "[a] party must serve an answer to a counterclaim or crossclaim within 20 days after being served with the pleading that states the counterclaim or crossclaim." Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The power to enter a default judgment also rests with the district court. Fed.R.Civ.P. 55(b)(2). Accordingly, a cross-defendant's failure to comply with Rule 12(a)(1)(B) results in the entry of default judgment under Rule 55(b).

## II. Background

### A. Summary Judgment

"An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed.R.Civ.P. 8(b)(6).

In the "Response to Summons and Complaint," or Answer, filed by Fred and Doris Neal, each states that "[t]here is no dispute with any of the facts in the instant matter." (Doc. 2, p. 1 & Doc. 7, p. 1). Accordingly, under Federal Rule of Civil Procedure 8 and for the purposes of summary judgment, the Neals have admitted the allegations in the Complaint (Doc. 1) filed by the United States. Fed.R.Civ.P. 56(c). The following facts are undisputed except where otherwise noted.

1. The Neals reside at 8708 Tar Kiln Road, Harrison, Arkansas 72601.

2. Fred Neal is the agent and trustee of the Fred Neal, Jr. Revocable Trust.

3. Doris Neal is the agent and trustee of the Doris Neal Revocable Trust.

4. John H. Sinclair resides at 12395 Cobb Road, Omaha, Arkansas 72662.

5. Mr. Sinclair is trustee of Deep Water Designs. He was named as a Defendant because Deep Water Designs may claim an interest in the real property at issue in the present case. Mr. Sinclair has stated that he asserts no interest in the property in question. (Doc. 11).

6. The Fred Neal, Jr. Revocable Trust, Doris Neal Revocable Trust, and Deep Water Designs are sham trusts and nominees used by the Neals to shelter and hide assets from creditors.

7. On December 20, 1991, the Neals purchased real property located in Boone County, Arkansas.

8. The legal description of this property is as follows:

The West Half of the Northwest Quarter; all that part of the Northeast Quarter of the Northwest Quarter lying West of County Road No. 45; all in Section Four (4), Township Nineteen (19) North, Range Eighteen (18) West, Boone County, Arkansas.

The East Half of Section Five (5); Township Nineteen (19) North, Range (18) West, Boone County, Arkansas.

The South Half of the Southeast Quarter of Section Thirty-two (32), Township Twenty (20) North, Range Eighteen (18) West, Boone County, Arkansas.

The West Half of the Southwest Quarter; all that part of the East Half of the Southwest Quarter lying west of County Road No. 45; all in Section Thirty-three (33), Township Twenty (20) North, Range Eighteen (18) West, Boone County, Arkansas. Also conveyed herewith is an Easement for septic tank drain field in a part of the Southwest Quarter of the Northwest Quarter of Section 33, Township 20 North, Range 18 West, and an Easement of unrestricted view in the Southwest Quarter of the Northwest Quarter of Section 33, Township 20 North, Range 18 West, as both Easements are described in Warranty Deed, dated February 17th, 1981, filed February 18, 1981, recorded in Deed Record 186, page 371.

9. On January 24, 1994, the Neals conveyed this property to themselves as tenants in common. That day, Mr. Neal conveyed his interest in the property to the Fred Neal, Jr. Revocable Trust. Also on January 24, 1994, Ms. Neal conveyed her interest to the Doris Neal Revocable Trust.

10. On August 22, 1994, the Neals filed a document entitled "Declaration of Homestead," declaring the subject property to be their homestead. That day and on behalf of the Fred Neal, Jr. Revocable Trust and the Doris Neal Revocable Trust, the Neals filed a document entitled "Declaration of Land Patent."

11. On October 7, 1997, the Neals, in their individual capacities, purportedly conveyed the property to Teresa Markarian for nominal "consideration of the sum of Twentyfive dollar [sic] of silver and other good and valuable consideration." No real estate transfer stamps are attached to the deed.

12. On October 10, 1997, Ms. Markarian transferred the property to Deep Water Designs for nominal "consideration of the sum of Twentyfive dollar [sic] of silver and other good and

valuable consideration." No real estate transfer stamps are attached to the deed.

13. At the time of these conveyances, the Neals were aware that they had or were incurring debts beyond their ability to pay and were rendered insolvent by the above-mentioned conveyances. These conveyances were made with the purpose and intent to hinder, delay, and defraud creditors.

14. The Neals have remained the beneficial owners of the real property at issue during all relevant periods.

15. On March 29, 2006, the Fred Neal, Jr. Revocable Trust, by Fred Neal, Trustee and the Doris Neal Revocable Trust, by Doris Neal Trustee conveyed "the West half of the Southwest quarter," an eighty acre tract, to Deep Water Designs. That day, the Neals, as agents of Deep Water Designs, conveyed by warranty deed the "the West half of the Southwest quarter" to Ken Savells and Melanie Savells, husband and wife, and Wayne Keith and Judy Keith, husband and wife. Real estate transfer stamps attached to the deed represent an equivalent sales price of $48,000.00. This 80–acre tract, and its ultimate conveyance to the Savellses and Keiths is not at issue in the present case. Foreclosure of the liens is not sought against this tract.

16. The Internal Revenue Service ("IRS") made assessment against Mr. Neal on December 8, 1997, and as of December 4, 2007, Mr. Neal owed an outstanding amount of $801,048.00.

17. The IRS made assessment against Ms. Neal on December 8, 1997, and as of December 4, 2007, Ms. Neal owed an outstanding amount of $797,008.76.

18. Mr. Neal has admitted his tax liability for the years 1987 through 1994.

19. Ms. Neal has admitted her tax liability for the years 1988 through 1994.

20. The Neals have asserted settlement of their liabilities, though no such settlement has been reached with the United States.

21. The United States provided the Neals with proper notice and demand for payment.

22. Notice of the federal tax lien against the Neals was filed with the Boone County, Arkansas, Recorder of Deeds on December 1, 1998; December 14, 1998; and December 17, 2007.

23. Notice of the federal tax lien against Deep Water Designs; the Fred Neal, Jr. Revocable Trust; and the Doris Neal Revocable Trust; as Nominees of the Neals were filed with the Boone County, Arkansas, Recorder of Deeds on August 1, 2007 and December 17, 2007.

24. The United States seeks foreclosure of the tax liens with respect to the 662–acre property, upon which the Neals residence is located and described above, in Boone County, Arkansas. The United States does not seek foreclosure of the tax liens with respect to the 80–acre tract conveyed to the Savellses and Keiths.

**B. Default Judgment**

"Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief." 10A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2688 (3d ed.1998). Cross–Plaintiff Munck Carter's ("MC") Crossclaim and Motion for Default Judgment set out the following.

1. In its action to foreclose federal tax liens against Fred and Doris Neal, the United States named MC as a Defendant because MC may claim an interest in the real property at issue as a result of its judgment lien filed in Boone County, Arkansas against Fred and Doris Neal.

2. MC holds a final judgment against Fred and Doris Neal in Cause No. 03–09387 in the 134th Judicial District Court of Dallas County, Texas. The amount of this judgment is $91,604.51,

plus five percent post-judgment interest accruing from January 26, 2004.

3. On or about July 27, 2007, MC recorded its judgment in the real property records of Boone County, Arkansas, creating a judgment lien against all real property held by Fred and/or Doris Neal in Boone County, Arkansas.

4. MC's lien is subordinate to the federal tax liens.

5. As evidenced by affidavit, MC properly served the crossclaim upon each Cross–Defendant in conformity with Rule 5 of the Federal Rules of Civil Procedure.

6. Cross–Defendants did not respond to MC's crossclaim.

## III.  Discussion

### A.  Unpaid Federal Tax Assessments

■■■ It is well established that the determination of a tax deficiency by the Commissioner of the IRS is presumptively correct, and the taxpayer must demonstrate the arbitrary or erroneous nature of the determination. *Day v. Commissioner*, 975 F.2d 534, 537 (8th Cir.1992). Certificates of Assessments and Payments are sufficient to demonstrate that assessments were made in accordance with statutory and regulatory requirements. *United States v. Bisbee*, 245 F.3d 1001, 1006 (8th Cir.2001). Thus, for the purposes of summary judgment, the presentation of Certificates of Assessments and Payments by the United States satisfies its burden of making a prima facie case, and it shifts the burden to the defendant to demonstrate that the United States's computation of his or her tax burden is incorrect. If the taxpayer fails to present evidence of an arbitrary or erroneous determination of his or her tax burden, the United States is entitled to summary judgment. *Lane v. United States*, 328 F.2d 602, 603 (5th Cir.1964).

In the present case, the United States has presented certified copies of the Certificates of Assessments and Payments of Fred and Doris Neal for the years 1987 through 1994. When computed based on assessed tax, accrued and assessed interest, and accrued and assessed penalties; these documents demon-

strate that as of December 4, 2007, Mr. Neal owed an outstanding balance of $801,048.00. Based on the same computations, these documents demonstrate that as of December 4, 2007, Ms. Neal owed an outstanding balance of $797,008.76. Statutory penalties, interest, and costs have continued to accrue with respect to the liability of both Fred and Doris Neal.

In light of the evidentiary showing of the United States, it has made its prima facie case and raised a presumption of the validity of its assessments. Accordingly, Fred and Doris Neal must present competent evidence demonstrating that the determination of the United States is arbitrary or erroneous. As the Neals have admitted their tax liability and failed to respond to summary judgment, no such evidence has been presented. Accordingly, the Court grants summary judgment in favor of the United States and against Fred Neal, Jr. and Doris Neal for unpaid federal income tax liabilities for the years 1987 through 1994.

### B.  Property Foreclosure

■■ Upon failure or refusal to pay one's taxes after assessment, notice, and demand by the United States, "the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. This lien arises at the time of assessment and continues until the tax liability is satisfied. 26 U.S.C. § 6322. A secured party will have priority over the federal tax lien only if the secured party was perfected prior to the filing of the lien. 26 U.S.C. § 6323(a), (h)(1).

■■■ A fraudulent conveyance cannot be utilized in order to avoid the tax lien. "A transaction will not be given effect according to its form if that form does not coincide with the economic reality and is, in effect, a sham." *F.P.P. Enterprises v. United States*, 830 F.2d 114, 117 (8th Cir.1987). "Property held in the name of an entity which is the alter ego of a taxpayer may be levied on to

satisfy the tax liabilities of the taxpayer." *Id.* at 118; *see also, Loving Saviour Church v. United States,* 728 F.2d 1085 (8th Cir. 1984).

Under Arkansas law, a transfer can be set aside by a creditor if the debtor engaged in the transaction with actual intent to hinder, delay, or defraud the creditor. Ark.Code Ann. § 4–59–204(a). In determining a debtor's intent to defraud, the court may look to factors such as whether "[t]he debtor retained possession or control of the property transferred after the transfer;" whether "[b]efore the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;" whether "[t] he value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;" and whether "[t]he debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred...." Ark.Code Ann. § 4–59–204(b).

In the present case, the Neals have admitted that the Fred Neal, Jr. Revocable Trust, Doris Neal Revocable Trust, and Deep Water Designs are sham trusts and nominees used by them to shelter and hide assets from creditors. The Neals admit that they transferred their real property in Boone County, Arkansas to these sham entities for no or nominal consideration in order to hinder, delay, and defraud creditors and were rendered insolvent as a result thereof. At the time of the transfers in question, the United States was a creditor the Neals set out to defraud. "It is well established that, regardless of when federal taxes are actually assessed, the United States is a creditor on the date a return is due to be filed and the taxes are required to be paid for each period." *United States v. Scherping,* 187 F.3d 796, 805 (8th Cir.1999). At all relevant times, the Neals have been the true and beneficial owners of the real property in question and have utilized it solely for their personal benefit. Accordingly, the Fred Neal, Jr. Revocable Trust, Doris Neal Revocable Trust, and Deep Water Designs are mere nominees or alter egos of the Neals, and the transfers to them were of a fraudulent nature. "The govern-ment may collect the tax debts of a taxpayer from assets of the taxpayer's nominee, instrumentality, or 'alter ego.'" *Id.* at 801. Any assets nominally held by the Fred Neal, Jr. Revocable Trust, Doris Neal Revocable Trust, and Deep Water Designs, including the real property as described herein, are subject to the federal tax lien.

### C. MC's Judgment Lien

■ Under Arkansas law, a judgment may be enforced against the real property owned by the judgment debtor. *See* Ark.Code Ann. §§ 16–65–117, 16–66–402. A foreign judgment properly filed in the county in which the judgment debtor's real property is located is entitled to the same force and effect as a judgment of an Arkansas court. Ark.Code Ann. § 16–66–602. Accordingly, a properly filed foreign judgment can be enforced against the real property of the judgment debtor.

In the present case, MC obtained a final judgment against Fred and Doris Neal in Cause No. 03–09387 in the 134th Judicial District Court of Dallas County, Texas. The amount of this judgment was $91,604.51, plus five percent post-judgment interest accruing from January 26, 2004. On or about July 27, 2007, MC recorded its judgment in the real property records of Boone County, Arkansas, creating a judgment lien against all real property held by Fred and/or Doris Neal in Boone County, Arkansas. This lien is enforceable and is subordinate to the tax liens of the United States.

### IV. Conclusion

For the foregoing reasons, the United States is entitled to summary judgment against Fred Neal, Jr. and Doris Neal for the unpaid assessed balance of their 1987 through 1994 federal income taxes, including accrued interest and other accrued statutory additions. As of December 4, 2007, Fred Neal's tax liability was $801,048.00 while Doris Neal's liability was $797,008.76. The United States is entitled to collect these amounts. The United States is further entitled to interest allowable by law, penalties, and additions accruing through the date of payment or other satisfaction. Because any

transfers of the real property that is the subject of this suit were fraudulent in nature and made to an alter ego or nominee of the Neals, the real property, as described at paragraphs eight and fifteen of part II. A. of this Order, is subject to the tax liens assessed against the Neals. These liens are ordered foreclosed and the property in question is ordered to be sold. 26 U.S.C. § 7403(c).

The valid judgment lien of Munck Carter, P.C. is subordinate to the federal tax liens of the United States. Upon sale of the real property held by Fred and Doris Neal in Boone County, Arkansas, any remaining proceeds, following the satisfaction of the federal tax liens, must be used to satisfy MC's judgment lien. As of December 23, 2008, $114,091.53 is due and owing to MC with interest accruing at five percent per annum.

The United States is directed to supply the Court with the appropriate Decree to be entered as a final judgment in this matter.

IT IS SO ORDERED.